749 So.2d 458 (1999)
Ex Parte K.T.G.
(In re P.A.T. v. K.T.G.).
1981405.
Supreme Court of Alabama.
October 29, 1999.
LaTanya D. Rhines, Legal Services Corp. of Alabama, Inc., Gadsden, for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Civ.App., 749 So.2d 454.
LYONS, Justice.
The petition for the writ of certiorari is denied.
Our denial of the petition should not be taken as an approval of the reasoning stated in the Court of Civil Appeals' opinion.
WRIT DENIED.
MADDOX, HOUSTON, COOK, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., concurs specially.
*459 HOOPER, Chief Justice (concurring specially).
I concur in the order denying the petition, but I write specially to emphasize that I do not approve of applying the standard established by Ex parte McLendon, 455 So.2d 863 (Ala.1984), to factual circumstances beyond the facts of McLendon.
This child-custody case presents unusual circumstances. Physical custody was originally awarded to the mother after the parents were divorced in 1992. The mother and the father agreed in 1995 to change physical custody to the father; the court adopted their agreement. However, the child continued to live with the mother even after the court had, by adopting the agreement, ordered a change of custody. In 1997, the mother petitioned the court for legal physical custody. The trial court granted the petition; the Court of Civil Appeals reversed, stating that the mother had not satisfied the McLendon standard by showing that the welfare of the child would be materially promoted by a change in custody. See P.A.T. v. K.T.G., 749 So.2d 454 (Ala.Civ.App.1999).
The rationale behind the McLendon standard is to prevent children from being uprooted from a stable home unless the move will substantially benefit the child. In the present case, the child did not live with the parent who had legal physical custody, but had always lived with the petitioning parent. The rationale of McLendon is inapplicable because the child would not be uprooted if the petitioning parent were given legal physical custody.
The result of the Court of Civil Appeals' decision is correct, however, because, although the Court of Civil Appeals did not rely on this factor, a convicted sex offender is prohibited from establishing "a residence or any other living accommodation where a minor resides." Ala.Code 1975, § 15-20-26(c) (see Act No. 99-572, § 3, Ala. Acts 1999). The mother's present husband is a convicted sex offender, and he lives with the mother; therefore, the mother cannot be given custody of the child while her husband resides in the house with her. For this reason, I concur in the order denying the petition for the writ of certiorari.